IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. 22-CR-48 |
| BREANNA LUNA, | ) | |
| Defendant. | ) | |

MOTION FOR VARIANCE

The defendant, pursuant to 18 U.S.C. 3553(a) does hereby make a motion for a downward variance and in support thereof files the attached brief.

                                    BREANNA LUNA, Defendant

                                    BY: _/s/ Jennifer Frese_
                                    Jennifer Frese, Attorney AT0008317
                                    KAPLAN & FRESE, LLP
                                    111 East Church Street
                                    Marshalltown, Iowa 50158
                                    Phone: 641-753-5549
                                    Fax: (641) 753-0962
                                    Email: jennifer@kaplanfrese.com
                                    ATTORNEY FOR DEFENDANT.

CERTIFICATE OF SERVICE

I hereby certify that on **October 31, 2022**
I electronically filed the foregoing with
the Clerk of Court using the ECF system
which will send notification of such filing
to the attorneys of record.

**Breanna Luna**, Defendant

By: /s/ Jennifer Frese
     Attorney for Defendant

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | NO. 22-CR-48 |
| BREANNA LUNA, ) | |
| Defendant. ) | |

## BRIEF IN SUPPORT OF MOTION TO DOWNWARD VARIANCE

COMES NOW defendant, by and through counsel, and pursuant to 18 U.S.C. 3553(a) does hereby provide this brief in support of his motion for downward variance.

## INTRODUCTION

The defendant will be sentenced on November 7, 2022, at 9:30 a.m. on the crime of Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C).

## THE COURT SHOULD VARY DOWNWARD

This court has discretion to sentence this defendant under the statute and the court should exercise that considerable discretion in this case. 18 U.S.C. 3553 provides guidance as to what factors the court shall consider when fashioning a sentence which is "reasonable but not greater than necessary" to achieve the goals of sentencing. When deciding upon an appropriate sentence, 18 U.S.C. § 3553 directs that the Court should, after considering the nature and circumstances of the offense impose a sentence that is "sufficient, but not greater

than necessary, to comply with . . . the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

However, the sentence imposed must contemplate "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The United States Supreme Court has told us that the guidelines are advisory and the court has discretion under the statute. Gall v. United States, 522 U.S. 38 (2007). Sentencing courts are granted broad discretion and are to examine closely all factors when sentencing defendants and specifically giving consideration to a motion for variance. In United States v. Chase, 560 F.3d 828, 830 (8th Cir. 2009), the Court stated factors ordinarily considered irrelevant in calculating the advisory guideline range can be relevant in deciding whether to grant a variance. In fashioning a "sentence sufficient, but not greater than necessary," 18 U.S.C. §3553(a) tells us "district courts are not only permitted, but required, to consider 'the history and characteristics of the defendant." Chase, 560 F.3d at 830. "As a consequence, factors such as a defendant's age, medical condition, prior military service, family obligations, entrepreneurial spirit, etc., can form the bases for a variance even though they would not justify a departure.... In addition, factors that have already been taken into account in calculating the advisory guideline

range, such as a defendant's lack of criminal history, can nevertheless form the basis of a variance." Id. At 831.

The offense conduct reflects that the defendant was dealing drugs between January of 2020 and March of 2020.  PSR ¶ 5-17.  She has struggled with addiction most of her adult life.  PSR ¶ 67 – 84.  Despite that, her only convictions are:  (1) Operating a Motor Vehicle While License Barred (age 34), (2) Possession of A Controlled Substance (Methamphetamine) (age 39), (3) Theft, Fifth Degree (age 39).

The defendant has had a fair amount of trauma in her life.  When she was a child, there was a lot of verbal and physical abuse in the home.  PSR ¶ 42. There was further an ongoing custody battle where allegations of sexual abuse were made.  PSR ¶ 42.  At the age of 16, the defendant ran away to live with her older sister that recently died in August of 2022.  PSR ¶ 42. The relationship turned toxic quickly and the sister recently died in August of 2022 (when she was living she was diagnosed with bipolar disorder, narcissistic personality disorder and anxiety).  PSR ¶ 43.  The defendant further lost a baby in 2012 when the child was diagnosed with Noonan syndrome and died within a few months of his birth.

What's interesting is the defendant while abusing substances wasn't really engaging in any criminal conduct.  Sure, she was convicted of driving while barred in 2015.  ¶ 31.  But in reality it appears her criminal activity commenced when she started committing the offense conduct in January of 2020.  PSR ¶5. 31-33.  It's not known what made the defendant's criminal history escalated over the past two years.  But it is crystal clear the defendant realized she needs to change on her own.  And that's a huge indicator. The defendant has also taken

action on her own. She voluntarily entered inpatient treatment on January 23, 2022, at completed the program on February 17, 2022. PSR ¶ 81.

The defendant's parental rights were terminated in 2021 due to her drug usage. PSR ¶ 45. What made the defendant descend so quickly? Who knows? But she has a severe addiction problem and she seems to realize that fact as she went to inpatient treatment a month out of 2022. The defendant was a stay-at-home mother for ten years. PSR ¶ 45. Further the defendant's relationship with her husband was abusive. PSR ¶ 45. This is documented in the presentence report as well as the letters in support. What's exciting about this defendant, is that she has already started the action phase of change. She has already went to inpatient treatment. She's working towards being sober. The defendant's mother is engaged in the same battle with alcohol. PSR ¶ 41. It would appear that the defendant and her mother would be good supports for each other.

The guideline range is a lengthy period of time for anyone that is engaged in drug dealing. And its appropriate as drug dealing is a serious crime. But when you are looking at a similarly situated defendant a small jail sentence is not going to do much more than a long jail sentence. The defendant was a stay-at-home mom, and really has spent no time in jail until she plead guilty to this offense. She wasn't committing crimes up until her methamphetamine addiction progressed to daily use between the ages of 38-41. Her parental rights were terminated in July of 2021. PSR ¶ 45. The defendant has lost a lot due to her methamphetamine addition. What's more important is that the defendant seems to *realize* she has lost a lot. She's voluntarily went to treatment. She's doing the work. Is she perfect....no. But effort and wanting to change is as good as gold for

a supervised release client. A prison sentence under the guidelines with a long-supervised release is appropriate to achieve the goals of sentencing in this unique case.

CONCLUSION

The Court should grant the defendant's motion and vary downward

BREANNA LUNA, Defendant

BY: */s/ Jennifer Frese*
Jennifer Frese, Attorney AT0008317
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa 50158
Phone: 641-753-5549
Fax: (641) 753-0962
Email: jennifer@kaplanfrese.com
ATTORNEY FOR DEFENDANT.

CERTIFICATE OF SERVICE

I hereby certify that on **October 31, 2022** I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

**Breanna Luna**, Defendant

By: /s/ Jennifer Frese
   Attorney for Defendant