IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 22-CR-00048-CJW |
| vs. | ) |
| BREANNA LYNN LUNA, | ) |
| Defendant. | ) |

**GOVERNMENT'S RESISTANCE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

For at least a three-month period in 2020, defendant distributed heroin and methamphetamine, incredibly dangerous drugs, to people in the community. The balance of 18 U.S.C. § 3553(a) factors present in this case warrant a sentence within the advisory guideline range, and the Court should deny defendant's motion for a downward variance (Docs. 21, 22.)

## I. BACKGROUND

### A. Offense Conduct

At some point before January 19, 2020, defendant met George Ashby. (PSR, at ¶5.) From approximately January 19, 2020, to approximately March 4, 2020, defendant distributed ounce-quantities of methamphetamine and gram-quantities of heroin to Ashby. (PSR, at ¶¶5-16.)

On March 4, 2020, law enforcement conducted a traffic stop on a vehicle in which defendant was a passenger. (PSR, at ¶ 17.) During the stop, officers recovered 18.29 grams of a mixture or substance containing a detectable amount of

1

methamphetamine in defendant's purse. (*Id.*) Defendant was then arrested and transported to the Linn County Correctional Center, where she was strip searched. (*Id.*) During the search, deputies seized a total of 2.35 grams of a mixture or substance containing a detectable amount of methamphetamine in defendant's bra. (*Id.*)

Defendant's offense involved approximately 145.87 grams of a mixture or substance containing a detectable amount of methamphetamine, 3.36 grams of actual (pure) methamphetamine, and 2 grams of heroin. (PSR, at ¶20.)

### B. History and Characteristics

Defendant is 42 years old. (PSR, at 2.) When she was two years old, her parents divorced, and she began residing with her mother. (PSR, at ¶42.) "As a teenager, the defendant identified that she began running away from home as she did not get along with her mother and stepfather, there was a lot of drinking in their household, and due to reported physical and verbal abuse between her mother and stepfather." (*Id.*) Defendant dropped out of high school after the tenth grade, and she began working full-time in the restaurant industry. (PSR, at ¶85.)

Defendant's work history in the last ten years appears to be part-time and largely unverified. (PSR, at ¶¶89-91.) Defendant reports, however, that she has been a stay-at-home mother and financially supported by her husband. (PSR, at ¶90.)

Defendant has been diagnosed with mental health issues (PSR, at ¶¶55, 63), and her mental health issues appear to be significantly impacted by her drug use

(PSR, at ¶¶58-60, 67-74.) Defendant has a history of physical health issues (PSR, at ¶¶47-54); however, it appears that she is currently in relatively good health.

Defendant's criminal history began when she was 34 years old. In September 2015, defendant was pulled over for speeding and, during the traffic stop, officers discovered that her driver's license was barred. (PSR, at ¶31.) She was eventually convicted of operating a motor vehicle while license barred, and she was sentenced to thirty days' jail (suspended), two years' probation, and fined. (*Id.*) On June 29, 2020, defendant was observed stealing merchandise from Walmart, valued at $189.29, and she was found in possession of a bag containing methamphetamine. (PSR, at ¶32.) She was later convicted of possession of controlled substance (methamphetamine), and she was sentenced to 2 days' jail and fined. (*Id.*) The next day, on June 30, 2020, defendant was observed stealing merchandise from Von Maur, valued at $287, without making payment. (PSR, at ¶33.) She was later convicted of theft (fifth degree), and she was fined. (*Id.*)

Defendant has a long history of abusing substances, including alcohol, marijuana, methamphetamine, cocaine, heroin, prescription medication, and LSD. (PSR, at ¶¶67-74.) Relatedly, she has participated in substance abuse assessments (PSR, at ¶¶78-79, 81); however, it does not appear she has ever successfully completed substance abuse treatment (PSR, at 78, 80, 82).

## II. ARGUMENT

Defendant argues that a downward variance is appropriate in this case because of her substance abuse issues and her rough childhood. (Doc. 21, at 4-5.)

When deciding on a sentence that is "sufficient, but not greater than necessary," the Court is required to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [under the United States Sentencing Guidelines];
> (5) any pertinent police statement [by the Sentencing Commission];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A balancing of all of the pertinent § 3553(a) factors in this case warrants a sentence within the advisory guideline range.

Here, the nature and circumstances of the offense outweigh any mitigating factors, and a downward variance is not appropriate. Defendant was involved in the distribution of methamphetamine and heroin, both of which are a poison and a danger to our community. While the offense conduct only covers a few months in 2020, it is apparent that defendant was involved in drug dealing before January 19, 2020, as, on that date, George Ashby asked defendant for "another one." (PSR, at ¶5.) In addition, defendant is responsible for 360.94 kilograms of converted drug weight, and the cutoff to still be considered a base offense level 24 is 400 grams of converted drug weight. (PSR, at ¶20.) Furthermore, defendant's criminal history

4

scored three points, the maximum allowed to still be considered criminal history category II. (PSR, at ¶34.)

Defendant argues that she "has had a fair amount of trauma in her life," primarily as a child and young adult. (Doc. 21, at 4.) Her criminal history, however, did not start until she was 34 years old, well past her youth, and it appears that she has engaged in more serious criminal behavior as she has gotten older.

Defendant also argues that "[s]he has struggled with addiction most of her adult life." (Doc. 21, at 4.) While that is true, "[s]ubstance abuse is highly correlated to an increased propensity to commit crimes." USSG §5H1.4. Defendant's long history of substance abuse implicates the sentencing objectives of deterrence, protection of the public, and rehabilitation.

## III. CONCLUSION

The seriousness of the instant offense and defendant's history outweighs the mitigating factors in this case, and the Court should deny defendant's motion for a downward variance and sentence her within the advisory guidelines range.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: */s/ Dillan Edwards*

DILLAN EDWARDS
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
(319) 363-6333
(319) 363-1990 (Fax)
dillan.edwards@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/    DRE